In The United States District Court
For The Southern District Of Ohio
Eastern Division

| | | |
|---|---|---|
| Lawrence Reynolds, | : | Case No. 2:08 cv 442 |
| Plaintiffs, | : | Judge Frost |
| | | Magistrate Judge Abel |
| vs. | : | |
| Ted Strickland, Governor, et al., | : | |
| Defendants. | : | This is a death penalty case. |

___

Richard Cooey's Motion
To Intervene As Plaintiff-Intervenor
___

Richard Cooey moves this Honorable Court under Fed. R. Civ. P. 24(a)(2) for leave to intervene as of right in this action. In the alternative, Cooey requests permissive intervention under Fed. R. Civ. P. 24(b)(2). As a death-sentenced individual, Cooey has a significant interest in the subject matter of this case and the existing parties may not adequately represent that interest. Further, Cooey's intervention will not prejudice the parties to these proceedings. The reasons in support of this motion are more fully set forth in the attached Memorandum in Support, which is fully incorporated herein.

Respectfully submitted,

Office of the Ohio Public Defender

By: /s/Gregory W. Meyers_____
Gregory W. Meyers (0014887)
Senior Assistant Public Defender
gregory.meyers@opd.state.oh.us
**Counsel of Record**

By: /s/Kelly L. Culshaw
Kelly L. Culshaw (0066394)
Supervisor, Death Penalty Division
Kelly.Culshaw@opd.ohio.gov

By /s/ Kimberly S. Rigby
Kimberly S. Rigby (0078245)
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
Phone:  (614) 466-5394
Facsimile:  (614) 644-0708

Counsel For Richard Cooey

**Memorandum In Support Of Richard Cooey's
Motion To Intervene As Plaintiff-Intervenor**

Plaintiff Lawrence Reynolds, an Ohio death-row inmate, filed this action under 42 U.S.C. § 1983 for violations of his right to be free form cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution.  Proposed intervenor, Richard Cooey, is also an Ohio death-row inmate awaiting execution.  No execution date has been set in Cooey's case, however, the Summit County Prosecutor's Office requested that the Ohio Supreme Court set an execution date on May 7, 2008.  Cooey is a true party in interest because he is similarly situated and asserts the same causes of action as the Plaintiff.  <u>See</u> Intervenor's Proposed Complaint (attached as Exhibit A).  Further, Cooey's intervention will not substantially impair the rights of the original parties to the pending action.  Cooey has exhausted his administrative remedies and accordingly asserts his right to intervene in this action.

A.     Cooey satisfies the requirements for intervention as of right as set forth in Fed. R. Civ. P. 24(a)(2).

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

2

> Upon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The purpose of this provision is to avoid a rash of lawsuits on related questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. DOI, 100 F.3d 837, 841 (10th Cir. 1996) (internal citations omitted). Therefore, "[t]he need to settle claims among a disparate group of affected persons militates in favor of intervention." Jansen v. Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990).

In light of the Rule and its goals, courts have granted motions to intervene as of right when the following criteria are met: (1) the motion is timely; (2) the applicant has a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's ability to protect his interest; and (4) the existing parties cannot adequately protect the applicant's interests. Id. In this case, Cooey meets those requirements.

**1.     The application is timely.**

Reynolds, the named plaintiff, filed this lawsuit on May 7, 2008. To date, no action has been taken in the above-captioned case. Therefore, the proposed intervention will not impair the progress of the proceedings or affect the interests of the original parties. See, e.g., Baker v. Detroit, 504 F. Supp. 841, 848 (E.D. Mich. 1980), aff'd sub nom., Bratton v. Detroit, 704 F.2d 878 (6th Cir. 1983), cert. denied, 464 U.S. 1040 (case filed in November and December 1975; trial undertaken in August 1978; motion to intervene filed in May 1978; motion granted). Moreover, Cooey has moved quickly to assert his rights, moving to intervene only one day after the lawsuit was filed.

3

**2.     Cooey has a "significant legal interest" in this case.**

Cooey's shared and individual interests are far more urgent, direct, and addressable than the Rule requires. Courts have not delineated the precise contours of an interest sufficient to support intervention as of right. See Purnell v. Akron, 925 F.2d 941, 947 (6th Cir. 1991); Arizona/New Mexico, 100 F.3d at 840. The interest requirement, however, "is to be construed liberally." Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987). See also Michigan State v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997) (overruling the District Court's denial of intervention and noting the "rather expansive notion of the interest sufficient to invoke intervention of right" in the Sixth Circuit).

Indeed, failure to satisfy the interest prong of the test has rarely barred prospective intervenors from participating. The range of interests deemed sufficient is broad, and their character is often general. See, e.g., Linton v. Comm'r of Health & Env't, 973 F.2d 1311, 1319 (6th Cir. 1992) (economic interest sufficient for intervention); Herdman v. Town of Angelica, 163 F.R.D. 180, 183 (W.D.N.Y. 1995) (purity and integrity of local air and water and in residential and rural character of a town); Arizona/New Mexico, 100 F.3d at 841-44 (interest of a naturalist photographer in the protection of an owl species).

Cooey's interest in preventing his execution by a method violative of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments is the same legal and equitable interest as the original Plaintiff and is sufficient to permit intervention.

**3.     Cooey's ability to protect his interests will be impaired if he is not permitted to intervene.**

The impairment prong of the test requires only a hypothetical showing: applicants need show neither "substantial impairment" of their interests nor that "impairment will inevitably

4

ensue from an unfavorable disposition." Purnell, 925 F.2d at 947.  Rather, as stated in Rule 24, they need show only that the disposition may harm their ability to protect their interests.  Id.  For that reason, the *stare decisis* effect of a potential adverse holding is sufficient to show impairment.  Jansen, 904 F.2d at 342; Linton, 973 F.2d at 1319.  If Reynolds does not prevail, it would impair, if not completely destroy, Cooey's ability to advance his arguments and put forth evidence in a separate action in this Court.

4. **Reynolds cannot adequately protect the applicant's interests, which are wholly dependent on the timeline of the applicant's case.**

The test's inadequate representation prong, like the impairment prong, requires only a minimal and hypothetical showing:

> The requirement of the Rule is satisfied if the applicant shows that representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.

Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972).  Therefore, applicants "should be allowed to intervene unless it is clear that [Reynolds] will provide representation."  7C Wright, Miller, and Kane, Federal Practice and Procedure at 319 (2d ed. 1986).  The nature of Cooey's claims makes intervention necessary to protect his interests because Reynolds's litigation does not contemplate Cooey's independent schedule, which will end in his execution.  In particular, the State of Ohio has moved for an execution in Cooey's case, but not in Reynolds'.  Since it is clear that Reynolds cannot adequately represent Cooey, he has the right to represent himself.

B. **In the alternative, Cooey satisfies the requirements for permissive intervention as set forth in Fed. R. Civ. P. 24(b)(2).**

The decision of whether to allow permissive intervention is within the sound discretion of the trial court.  Meyer Goldberg, Inc. v. Goldberg, 717 F.2d 290, 294 (6th Cir. 1983).  This rule

5

is to be construed liberally and excludes many of the requirements of intervention of right. Id. For example, the Rule 24(a)(2) requirement that a proposed intervenor establish inadequate representation by existing parties is not a consideration for purposes of Rule 24(b).

Cooey has a direct and substantial interest in the outcome of this matter. Cooey's interests and Reynolds' interests share the same questions of law and fact. No substantive action has been taken in this case to date. The proposed intervention will not prejudice or delay the rights of any of the original parties. Cooey therefore requests that the Court grant permissive intervention under Civil Rule 24(b), should the Court decide not to grant intervention as of right.

**C.      Administrative Remedies.**

Cooey has exhausted his administrative remedies and has done everything required to complete exhaustion. He timely pursued his administrative remedies under the Ohio Administrative Code § 5120-9-31, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

Cooey filed an informal complaint. Cooey's complaint was denied with direction that he should address this matter to his attorneys. The documentation of this complaint and response are being forwarded to undersigned counsel by Cooey and will be provided to this Court upon receipt. Given that the institutional inspector has essentially reverted to his earlier position that Ohio's lethal injection protocol is a matter to be addressed by Cooey's attorneys in court, Cooey has exhausted the administrative remedies available to him and has done everything required for exhaustion to be deemed complete. See, e.g., Cooey et al v. Strickland et al, Case No. 2:04-cv-1156, Dkt. 35. Accordingly, Cooey has complied with any mandatory pre-conditions to filing this action in federal court.

## Conclusion

For the foregoing reasons, proposed intervenor Richard Cooey respectfully requests that his motion be granted and that he be permitted to intervene in the instant action.

Respectfully submitted,

Office of the Ohio Public Defender

By: /s/Gregory W. Meyers_____
Gregory W. Meyers (0014887)
Senior Assistant Public Defender
gregory.meyers@opd.state.oh.us
**Counsel of Record**

By: /s/Kelly L. Culshaw_____
Kelly L. Culshaw (0066394)
Supervisor, Death Penalty Division
Kelly.Culshaw@opd.ohio.gov

By /s/ Kimberly S. Rigby_____
Kimberly S. Rigby (0078245)
Assistant State Public Defender

Office of the Ohio Public Defender
8 East Long Street, 11th Floor
Columbus, Ohio 43215
Phone:  (614) 466-5394
Facsimile:  (614) 644-0708

Counsel For Richard Cooey

## Certificate of Service

I hereby certify that the foregoing Motion to Intervene with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties.  Cooey has also served via the U.S. mail, Marc Dann, Ohio Attorney General, 30 East Broad Street, 17th Floor, Columbus, Ohio 43215 on this 8th day of May 2008.

/s/Kelly L. Culshaw
Kelly L. Culshaw – 0066394

277636