IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Lawrence Reynolds,<br>Plaintiffs, | : Case No. 2:08 cv 442<br>: Judge Frost<br>Magistrate Judge Abel |
| vs. | : |
| Ted Strickland, Governor, et al.,<br>Defendants. | :<br>: This is a death penalty case. |

## MOTION OF DARRYL DURR
## TO INTERVENE AS PLAINTIFF-INTERVENOR

Darryl Durr moves this Honorable Court under Fed. R. Civ. P. 24(a)(2) for leave to intervene as of right in this action. In the alternative, Durr requests permissive intervention under Fed. R. Civ. P. 24(b)(2). As a death-sentenced individual, Durr has a significant interest in the subject matter of this case and the existing parties may not adequately represent that interest. Further, Durr's intervention will not prejudice the parties to these proceedings. The reasons in support of this motion are more fully set forth in the attached Memorandum in Support, which is fully incorporated herein.

                              Respectfully submitted,

                              Dennis L. Sipe, #0006199
                              BUELL & SIPE CO., L.P.A.
                              322 Third Street
                              Marietta, OH 45750
                              740-373-3219 (voice)
                              740-373-2892 (facsimile)

dennis@buellsipe.com

and

Kathleen McGarry, #0038707
McGARRY LAW OFFICE
P.O. Box 310
Glorieta, New Mexico 87535
505-757-3989 (voice)
888-470-6313 (facsimile)
kate@kmcgarrylaw.com

/s/ Kathleen McGarry_____
Counsel for Darryl Durr

### Memorandum In Support Of Darryl Durr's
### Motion To Intervene As Plaintiff-Intervenor

Plaintiff Lawrence Reynolds, an Ohio death-row inmate, filed this action under 42 U.S.C. § 1983 for violations of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution. Proposed intervenor, Darryl Durr, is also an Ohio death-row inmate awaiting execution, however no execution date has been set in Durr's case. Durr is a true party in interest because he is similarly situated and asserts the same causes of action as the Plaintiff. *See* Intervenor's Proposed Complaint (attached as Exhibit A). Further, Durr's intervention will not substantially impair the rights of the original parties to the pending action. Durr has exhausted his administrative remedies and accordingly asserts his right to intervene in this action.

**A. Durr satisfies the requirements for intervention as of right as set forth in Fed. R. Civ. P. 24(a)(2).**

Rule 24(a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> Upon timely application anyone shall be permitted to intervene in an action…when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The purpose of this provision is to avoid a rash of lawsuits on related questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." *Coal. of Arizona/New Mexico Counties for Stable Econ. Growth v. DOI*, 100 F.3d 837, 841 (10th Cir. 1996) (internal citations omitted).  Therefore, "[t]he need to settle claims among a disparate group of affected persons militates in favor of intervention." *Jansen v. Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).

In light of the Rule and its goals, courts have granted motions to intervene as of right when the following criteria are met: (1) the motion is timely; (2) the applicant has a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's

ability to protect his interest; and (4) the existing parties cannot adequately protect the applicant's interests. *Id.* In this case, Durr meets those requirements.

**1. The application is timely.**

Reynolds, the named plaintiff, filed this lawsuit on May 7, 2008. Since that time, other inmates, similarly situated have moved to intervene in the lawsuit. The proposed intervention in this case will not impair the progress of the proceedings or affect the interests of the original parties. *See, e.g., Baker v. Detroit*, 504 F. Supp. 841, 848 (E.D. Mich. 1980), *aff'd sub nom., Bratton v. Detroit*, 704 F.2d 878 (6th Cir. 1983), *cert. denied*, 464 U.S. 1040 (case filed in November and December 1975; trial undertaken in August 1978; motion to intervene filed in May 1978; motion granted). Moreover, Durr has moved quickly to assert his rights, moving to intervene within 6 weeks after the lawsuit was filed.

**2. Durr has a "significant legal interest" in this case.**

On October 13, 1988, Darryl M. Durr, Petitioner herein, was indicted by the Cuyahoga County Grand Jury for one count of Aggravated Murder with three (3) specifications, namely, that the murder was committed while Durr was committing, attempting to commit, or fleeing immediately after committing kidnapping, rape and aggravated robbery. He was also indicted on one count each of Kidnapping, Rape and Aggravated Robbery. On November 29, 1988, Durr, proceeded to trial before Judge Ralph A. McAllister and a panel of twelve (12) jurors. The guilt

phase of the trial concluded on December 5, 1988 and Durr was found guilty of all counts in the indictment. The sentencing phase of Durr's trial began and ended on December 12, 1988 when the jury recommended that Durr be sentenced to death. On December 16, 1988 the judge accepted the jury's recommendation, sentenced Durr to death.

Durr timely filed his direct appeals in the state courts; all were denied, although by split appellate panels. *State v. Durr*, No. 57140, 1989 WL 147626 (Cuyahoga Ct. App. Dec. 7, 1989), affirmed *State v. Durr*, 58 Ohio St. 3d 86, 568 N.E.2d 674 (1991), cert denied, *Durr v. Ohio*, 502 U.S. 912, 112 S.Ct. 310 (1991).

State post-conviction proceedings were later exhausted. *State v. Durr*, No. 65958, 1994 WL 463813 (Cuyahoga Ct. App. Aug. 25, 1994), jurisdiction denied, *State v. Durr*, 71 Ohio St. 3d 1455, 644 N.E.2d 1028 (1995).

Durr later sought relief in the federal courts and was denied relief there. *Durr v. Mitchell*, 487 F3d 423 (6th Cir 2007), cert. denied 128 S. Ct. 1652, 170 L. Ed. 2d 361, 2008 U.S. LEXIS 2486, 76 U.S.L.W. 3497 (U.S. 2008)

Durr's shared and individual interests are far more urgent, direct, and addressable than the Rule requires. Courts have not delineated the precise contours of an interest sufficient to support intervention as of right. *See Purnell v. Akron*, 925 F.2d 941, 947 (6th Cir. 1991); *Arizona/New Mexico,* 100 F.3d at 840. The interest requirement, however, "is to be construed liberally." *Bradley v. Milliken*,

828 F.2d 1186, 1192 (6th Cir. 1987). *See also Michigan State v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997) (overruling the District Court's denial of intervention and noting the "rather expansive notion of the interest sufficient to invoke intervention of right" in the Sixth Circuit).

Indeed, failure to satisfy the interest prong of the test has rarely barred prospective intervenors from participating. The range of interests deemed sufficient is broad, and their character is often general. *See, e.g., Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992) (economic interest sufficient for intervention); *Herdman v. Town of Angelica*, 163 F.R.D. 180, 183 (W.D.N.Y. 1995) (purity and integrity of local air and water and in residential and rural character of a town); *Arizona/New Mexico*, 100 F.3d at 841-44 (interest of a naturalist photographer in the protection of an owl species).

Durr's interest in preventing his execution by a method violative of his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments is the same legal and equitable interest as the original Plaintiff and is sufficient to permit intervention.

**3. Durr's ability to protect his interests will be impaired if he is not permitted to intervene.**

The impairment prong of the test requires only a hypothetical showing: applicants need show neither "substantial impairment" of their interests nor that "impairment will inevitably ensue from an unfavorable disposition." *Purnell*, 925

F.2d at 947. Rather, as stated in Rule 24, they need show only that the disposition may harm their ability to protect their interests. Id. For that reason, the *stare decisis* effect of a potential adverse holding is sufficient to show impairment. *Jansen,* 904 F.2d at 342; Linton, 973 F.2d at 1319. If Reynolds does not prevail, it would impair, if not completely destroy, Durr's ability to advance his arguments and put forth evidence in a separate action in this Court.

**4. Reynolds cannot adequately protect the applicant's interests, which are wholly dependent on the timeline of the applicant's case.**

The test's inadequate representation prong, like the impairment prong, requires only a minimal and hypothetical showing:

> The requirement of the Rule is satisfied if the applicant shows that representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.

*Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). Therefore, applicants "should be allowed to intervene unless it is clear that [Reynolds] will provide representation." 7C Wright, Miller, and Kane, Federal Practice and Procedure at 319 (2d ed. 1986). The nature of Durr's claims makes intervention necessary to protect his interests because Reynolds's litigation does not contemplate Durr's independent schedule, which will end in his execution. Since Reynolds cannot adequately represent Durr, he has the right to represent himself.

In addition, there are individual facts that may distinguish one plaintiff from another in their diligence in litigating these claims.

**B. In the alternative, Durr satisfies the requirements for permissive intervention as set forth in Fed. R. Civ. P. 24(b)(2).**

The decision of whether to allow permissive intervention is within the sound discretion of the trial court. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290, 294 (6th Cir. 1983). This rule is to be construed liberally and excludes many of the requirements of intervention of right. *Id*. For example, the Rule 24(a)(2) requirement that a proposed intervenor establish inadequate representation by existing parties is not a consideration for purposes of Rule 24(b).

Durr has a direct and substantial interest in the outcome of this matter. Durr's interests and Reynolds' interests share the same questions of law and fact. The proposed intervention will not prejudice or delay the rights of any of the original parties. Durr therefore requests that the Court grant permissive intervention under Civil Rule 24(b), should the Court decide not to grant intervention as of right.

**C. Administrative Remedies.**

Darryl Durr has exhausted his administrative remedies and/or has done everything required for exhaustion to be deemed complete and/or futile. He timely pursued his administrative remedies under the Ohio Administrative Code (OAC) §

5120-9-31, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a).

On July 23, 2006 Durr filed his original Informal Complaint Resolution against the Warden. (Exhibit A-1) The Grievance was dismissed on August 21, 2006. (Exhibit A-2) An Appeal was taken to the Chief Inspector (Exhibit A-3) Which was denied on December 19, 2006. On December 3, 2006 Durr filed another Original Grievance directly with the Chief Inspector's Office. (Exhibit A-5) On December 20, 2006, the Chief Inspector Gary Croft denied Durr's Grievance. (Exhibit A-6) Durr has complied with any mandatory pre-conditions to the filing of this action in federal court.

Durr has thus timely and completely exhausted the administrative remedies available to him. Accordingly, Durr has complied with any mandatory pre-conditions to the filing of this action in federal court.

**Conclusion**

For the foregoing reasons, proposed intervenor Darryl Durr respectfully requests that his motion be granted and that he be permitted to intervene in the instant action.

            Respectfully submitted,

            Dennis L. Sipe, #0006199
            BUELL & SIPE CO., L.P.A.
            322 Third Street
            Marietta, OH 45750

740-373-3219 (voice)
740-373-2892 (facsimile)

and

Kathleen McGarry, #0038707
McGARRY LAW OFFICE
P.O. Box 310
Glorieta, New Mexico 87535
505-757-3989 (voice)
888-470-6313 (facsimile)

/s/ Kathleen McGarry
Counsel for Darryl Durr

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Intervene was filed with the Clerk of Court on this 21st. day of June 2008 using the CM/ECF system, which will send notification of such filing to all parties.

/s/ Kathleen McGarry
Counsel for Darryl Durr