IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE REYNOLDS,** | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:08cv442 |
| | : | |
| v. | : | JUDGE FROST |
| | : | |
| **TED STRICKLAND, et al.,** | : | MAGISTRATE JUDGE ABEL |
| | : | |
| Defendants. | : | *Death Penalty Case* |

**THE DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE
MOTION TO INTERVENE BY DARRYL DURR**

Respectfully submitted,

**NANCY H. ROGERS**
Attorney General of Ohio

s/ *Charles L. Wille*
**CHARLES L. WILLE**  (0056444)
Trial Attorney
Principal Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
T: (6l4) 728-7055; F: (614) 728-8600
Email: cwille@ag.state.oh.us

**COUNSEL FOR DEFENDANTS**

I.     **Statement of the Case and Facts**

On December 19, 1988, Plaintiff-intervenor Darryl Durr (hereinafter "Durr") was sentenced to death by the Court of Common Pleas of Cuyahoga County, Ohio, for the aggravated murder of Angel O'Nan. On December 7, 1989, the Ohio Court of Appeals affirmed Durr's conviction and sentence on direct appeal. *State v. Durr*, 1989 Ohio App. LEXIS 4964. On March 20, 1991, the Supreme Court of Ohio affirmed the decision of the Ohio Court of Appeals. *State v. Durr*, 58 Ohio St. 3d 86 (1991). On October 15, 1991, the Supreme Court of the United States denied Durr's petition for a writ of certiorari. *Durr v. Ohio*, 502 U.S. 912 (1991). On July 8, 1992, Durr filed with the trial court a petition for post-conviction relief. The trial court denied Durr's petition, upon Durr's appeal, the Ohio Court of Appeals affirmed the decision of the trial court, and, on February 1, 1995, the Supreme Court of Ohio dismissed Durr's discretionary appeal. *State v. Durr*, 71 Ohio St. 3d 1455 (1995). In the interim, Durr filed with the Ohio Court of Appeals an application to reopen his direct appeal. The Ohio Court of Appeals denied the application and on December 30, 1994, that judgment was affirmed by the Supreme Court of Ohio. *State v. Durr*, 71 Ohio St. 3d 395 (1994). Durr then filed in federal court a petition for a writ of habeas corpus. On November 2, 1999, the United States District Court for the Northern District of Ohio denied Durr's petition. On May 18, 2007, the United States Court of Appeals for the Sixth Circuit affirmed the judgment of the district court. *Durr v. Mitchell*, 487 F.3d 423 (6th Cir. 2007). On March 17, 2008, the Supreme Court of the United States denied Durr's petition for a writ of certiorari. *Durr v. Mitchell,* __ U.S. __, 128 S.Ct. 1652 (2006).

In the meantime, on August 8, 2007, nearly sixteen years after his convictions and sentence were final on direct appeal, and more than five years after Ohio law mandated lethal injection as the State's sole method for executing condemned prisoners, Durr filed with this

Court a motion to intervene in a lawsuit filed by Richard Cooey, another capitally sentenced prisoner. Cooey claimed that Ohio's use of lethal injection to execute him would violate his rights under the Eighth Amendment. The defendants argued in response, among other things, that Cooey's complaint should be dismissed because it was filed outside the applicable statute of limitations. The Court granted Durr's motion to intervene in Cooey's suit. Although overruling the defendants' motion to dismiss Cooey's action as time-barred, the Court granted defendants leave to pursue an immediate appeal of the Court's decision. The Sixth Circuit eventually sustained defendants' appeal and ordered the dismissal of Cooey's suit. The defendants then moved to dismiss as time-barred the complaints of Durr and twenty other capitally-sentenced prisoners who also intervened. On July 7, 2008, the Court dismissed Cooey's complaint pursuant to the Sixth Circuit's mandate, denied without prejudice defendants' recent motion to dismiss, and directed the defendants to file separate motions to dismiss for each plaintiff-intervenor the complaints of whom defendants maintain are time-barred. On July 14, 2008, consistent with this Court's order, defendants moved to dismiss Durr's intervenor complaint in Cooey's suit.

Meanwhile, on June 21, 2008, while his intervenor complaint in Cooey's suit remained pending, Durr moved to intervene in the instant case.

**II.    Argument in Opposition**

"Whether of right or permissive, intervention under Rule 24 is conditioned by the Rule 24(c) 5 requirement that the intervenor state a well-pleaded claim or defense to the action." *R. I. Federation of Tchrs., AFL-CIO v. Norberg*, 630 F.2d 850, 854-855 (1st Cir. 1980), citing *Arvida Corp. v. City of Boca Raton*, 59 F.R.D. 316, 320 (S.D.Fla.1973); 3B Moore's Federal Practice, P 24.14 at 24-552 (2d ed. 1969); 7A C. Wright & A. Miller, Federal Practice and Procedure §1914

at 569 (1972).  "Although the requirement that the intervenors' legal theory have some merit in the case in which they seek to intervene places a burden on intervenors, the burden is justified by the possibility that the intervention will obstruct or delay vindication of the rights of the original parties." *Id.*, citing *Kentucky Home Mutual Life Ins. Co. v. Duling*, 190 F.2d 797, 803 (6th Cir. 1951); *United States v. 635.76 Acres of Land*, 319 F. Supp. 763, 766 (D.Ark.1970), aff'd, 447 F.2d 1405 (8th Cir. 1971); *Babcock v. Town of Erlanger*, 34 F. Supp. 293, 295 (E.D.Ky.1940). "Thus, as a threshold matter, the district judge must determine whether the intervenor's complaint states a cause of action before he turns to a consideration of the factors listed in Rule 24(a) and (b) governing whether intervention is appropriate." *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 (5th Cir. 1986).

It is well-established that a motion to intervene may be denied if the intervenor's cause of action is barred by the statute of limitations.  *Crowley Maritime Corp. v. Panama Canal Com'n.,* 849 F.2d 951 (5th Cir. 1988) (affirming the district court's dismissal of a motion to intervene on statute of limitations grounds); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n .5 (5th Cir. 1983) (same); *Holmes v. Boal*, 2005 U.S. Dist. LEXIS 18972, *6-10 (D. Kan. Aug. 22, 2005) (denying a motion to intervene in a civil rights case on the basis of futility because the intervenor's proposed complaint would be barred by the applicable statute of limitations); *State Farm Mut. Auto Ins. Co. v. United States*, 2003 U.S. Dist. LEXIS 6013 (E.D. La. Apr. 10, 2003) (concluding "that it is appropriate to deny a motion to intervene when the intervenor seeks to raise claims that are time barred"); *Ceribelli v. Elghanayan*, 1994 U.S. Dist. LEXIS 13681 (S.D.N.Y. Sept. 26, 1994) (noting that "this Court's research has disclosed no other case which granted a motion for intervention filed after expiration of the statute of limitations").

In *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), *cert. denied*, 2008 U.S. LEXIS 3626 (April 21, 2008), death row inmate Richard Cooey filed a complaint with this Court in which he alleged that Ohio's procedures for executing him will violate his rights under the Eighth Amendment. Upon the defendants' interlocutory appeal, the Sixth Circuit held that Cooey's claim was time-barred under the applicable two-year statute of limitations because it accrued as late as December of 2001, when Ohio mandated lethal injection as its exclusive method of execution. 479 F.3d at 422. In opposing the defendants' appeal, Cooey argued specifically that changes to Ohio's execution protocol implemented in 2006 precluded the State from maintaining that his claim accrued earlier. Those changes included procedural safeguards to decrease the risk that Cooey would experience pain, e.g., removed strict timelines for procedures, required more in-depth medical examinations of the prisoner prior to execution, mandated two sites for vein access be obtained before proceeding to the execution chamber, required use of a "low pressure" drip of saline to keep the line open and confirm its ongoing viability, and required correctional personnel to observe the prisoner's arms and check for signs of intravenous incontinence while the drugs are being administered. Rejecting those arguments, the Sixth Circuit found that the changes did not alter the fundamental nature of Cooey's Eighth Amendment claim. *See* 479 F.3d at 423-424.

The Defendants oppose Durr's motion to intervene, because Durr seeks to present claims that on their face are barred by the two-year statute of limitations as construed in *Cooey v. Strickland*, *supra*. Like Cooey, Durr could have presented his claims in 2001, when Ohio established lethal injection as its sole method of execution. Durr implicitly concedes that his complaint in *Cooey* is time-barred; he avers that the complaint he proffers in seeking to intervene in the instant case is not beyond the statute of limitations because "Defendants adopted

a new lethal-injection protocol effective in July of 2006, as amended again in October of 2006." Complaint at page 4.    But, as pointed out by defendants in moving to dismiss Reynolds' complaint, Cooey also argued that changes to Ohio's execution protocol implemented in 2006 precluded the State from maintaining that his claim accrued earlier.  Those arguments were considered and rejected by the Sixth Circuit, and therefore likewise should be rejected summarily by this Court.    And, there is simply no basis for finding that the changes themselves instituted "new" procedures that posed new and substantial risks that Durr will suffer serious pain.  As found by the Sixth Circuit, the changes included procedural safeguards to *decrease* the risk that the inmate would experience pain, e.g., removed strict timelines for procedures, required more in-depth medical examinations of the prisoner prior to execution, mandated two sites for vein access be obtained before proceeding to the execution chamber, required use of a "low pressure" drip of saline to keep the line open and confirm its ongoing viability, and required correctional personnel to observe the prisoner's arms and check for signs of intravenous incontinence while the drugs are being administered.  *See* 479 F.3d at 423-424.

And further, even if the Sixth Circuit had not addressed the question in *Cooey*, Durr's arguments are fundamentally at odds with both logic and history.  The core of all the constitutional challenges presented by the prisoners remains the state's chosen method to execute them and the risk of constitutional violations attendant to that method.  The prisoners fail to allege in their complaints in what manner if any the alleged changes to Ohio's procedures made in July of 2006 so affected a previously required procedure or instituted new procedures that could give rise to a new and substantial risk that they will suffer severe pain upon their executions.  Any change in procedures that is not related to this core claim is not only irrelevant to the statute of limitations calculus, but irrelevant to an Eighth Amendment claim itself.

6

Moreover, the prisoners do not explain in what manner the changes adversely affected the availability of counsel as a witness to their executions, or in what manner the changes adversely affected their alleged state statutory "property right" to painless executions.  Again, any changes to Ohio's procedures that do not relate to the constitutional rights of which the prisoners allege a risk of future violation are irrelevant to any procedural or substantive issues before the Court.

Finally, the historical record overwhelmingly demonstrates that the fundamental concern under the Eighth Amendment posed by lethal injection as a state-sanctioned method of execution -- that maladministration of sodium thiopental, the first drug in the "three drug protocol," could result in a painful execution -- was identified over twenty-five years ago and remains the core of the prisoners' Eighth Amendment claims.  As recounted in the defendants' memorandum in support of their motion to dismiss Reynolds' complaint, as early as 1981, inmates in a civil suit against the Food and Drug Administration cited the dangers posed by intravenous injections administered by persons with inadequate medical training to prisoners with common physical conditions and abnormalities.  Reports of potential difficulties, as well as actual so-called "botched" lethal injections, soon were widely disseminated and the focus of national discussion.  And, as early as 1984, a Texas inmate alleged specifically in habeas corpus that maladministration of the first drug would result in unnecessarily painful death in violation of the Eighth Amendment.  As the defendants pointed out in moving to dismiss Reynolds' suit, defendants again respectfully submit that the Court need only compare the affidavit of the prisoners' expert against the historical record to find that the fundamental nature of their Eighth Amendment complaints is no different in substance from the Eighth Amendment concerns raised by numerous others, and that the recent changes to Ohio's procedures could not possibly alter the nature of their core allegations.

### III. Conclusion and Request for Relief

The Sixth Circuit ruled that condemned inmate Richard Cooey could and should have presented his "method of execution" claim years ago, and because he failed to do so, his complaint should be dismissed. The Sixth Circuit so ruled because a contrary result would severely damage the State's compelling interests in executing final judgment after years of delay. The Defendants rely on the identical rule and the identical interests in opposing Durr's motion to intervene. Accordingly, the Defendants respectfully request that the Court deny Durr's motion.

Respectfully submitted,

**NANCY H. ROGERS**
Attorney General of Ohio

s/*Charles L. Wille*

**CHARLES L. WILLE** (0056444)
Trial Attorney
Principal Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
T: (6l4) 728-7055; F: (614) 728-8600
Email: cwille@ag.state.oh.us

**COUNSEL FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of *Defendants' Opposition to Motion to Intervene by Darryl Durr* was filed electronically this 14th day of July 2008. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ *Charles L. Wille*

                                                      _____
Charles L. Wille