IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LAWRENCE REYNOLDS,

      Plaintiff,

   v.                                     Case No. 2:08-cv-442
                                            JUDGE GREGORY L. FROST
TED STRICKLAND, et al.,           Magistrate Judge Mark R. Abel

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 29), Plaintiff Lawrence Reynolds' memorandum in opposition (Doc. # 61), and Reynolds' motion for leave to file instanter a supplemental memorandum opposing Defendants' motion to dismiss (Doc. # 82).[1]  This Court finds both motions well taken.

Reynolds asserts claims under 42 U.S.C. § 1983 challenging multiple facets of the lethal injection protocol by which the State of Ohio intends to execute him.  Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), requires dismissal of the § 1983 claims asserted here.  Previously, this Court issued an Opinion and Order in a similar case that

---

[1] The Court **GRANTS** Reynolds' motion to file a supplemental memorandum and has considered the proffered memorandum, which, given today's decision, need not be formally detached and placed on the docket under its own docket number.  (Doc. # 82.)

Another motion is also before this Court.  Recognizing that he is not a party to this litigation and cannot otherwise respond, Nathaniel E. Jackson, an inmate who seeks to intervene in Reynolds' litigation, has filed a motion for leave to respond to the motion to dismiss.  (Doc. # 62.)  This response targets whether Jackson would be subject to dismissal under statute of limitations grounds if he successfully intervened in this case.  The Court in its discretion **DENIES** the motion for leave to file a memorandum.

discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Case No. 2:04-cv-1156, Doc. # 344.) Because the analysis of the appellate precedent discussed in that opinion directly informs Reynolds' case, this Court adopts and incorporates herein the entirety of that prior decision and attaches it to the instant decision for ease of reference.

As this Court noted in its incorporated decision, *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her injury. *Id.* at 422. Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in December 2001. *Cooey*, 479 F.3d at 422. Consequently, review of the briefing and the record indicates that the following dates are relevant to the statute of limitations issue:

(1) Date of Reynolds' conviction and sentence: June 9, 1994.

(2) Date the Ohio Supreme Court affirmed Reynolds' conviction and sentence: January 14, 1998.

(3) Month in which the time for filing a petition for *certiorari* with the United States Supreme Court expired: April 1998.

(4) Date the Sixth Circuit has held inmates like Reynolds should have been aware of their § 1983 lethal injection protocol claims: December 2001, at the latest.

2

In light of the foregoing, this Court concludes that the rationale of *Cooey* applies to Reynolds' § 1983 claims. The statute of limitations on these claims therefore expired, at the latest, in December 2003.

Reynolds raises a number of arguments in an attempt to evade this application of the statute of limitations. He asserts, for example, that "whether the [2006] changes in Ohio's protocol were sufficiently significant to warrant re-starting the statute of limitations cannot be answered on this record." (Doc. # 61, at 4.) This Court might be inclined to agree with such a proposition but for the fact that the court of appeals addressed the 2006 changes in *Cooey* and concluded that "none of these changes relates to Cooey's core complaints." 479 F.3d at 424. It is not the province of this Court to reject that conclusion or examine whether the *Cooey* majority had before it sufficient information to make such a notably sweeping conclusion.

It is, however, proper for this Court to recognize again that the court of appeals issued the mandate in *Cooey* after *Baze* was released, which means that the *Cooey* majority did not regard *Baze* as altering its analysis of the statute-of-limitations issue. The subsequent remand in that similar litigation for Kenneth Biros by the same appellate panel involved in *Cooey* also implicitly teaches that for those individuals who fall within the statute of limitations (even a restarted limitations period), *Baze* matters. But for individuals such as Cooey, *Baze* and the 2006 changes apparently do not disturb the *Cooey* limitations period analysis. And because the 2006 changes did not save Cooey's § 1983 action, they cannot save Reynolds' § 1983 action, no matter what date he assigns to the protocol he is challenging. Because the changes did not matter to the appellate court's analysis, they cannot prove dispositive to this Court even if the Court were hypothetically inclined to reach a far different conclusion if deciding the issue

without *Cooey*.

This leads into the implicit issue of whether Reynolds' federal due process claim based on an asserted violation of Ohio Rev. Code § 2949.22 distinguishes his § 1983 action from the time-barred action in *Cooey*. In the paraphrased language of the *Cooey* majority, the "core complaint" of the § 1983 action involved in that case was that Ohio's lethal injection protocol was unconstitutional. This is the same core complaint that forms the essential basis of Reynolds' challenge. It does not matter for statute of limitations purposes whether the claimed violation is of the Eighth Amendment or the Fourteenth Amendment; what matters is that there is an asserted violation of a constitutional right that forms the basis of the § 1983 action. A challenge under either amendment accrued and expired before Reynolds filed the instant action.

The quick-and-painless death for lethal injections component of Ohio Rev. Code § 2949.22 has existed in former versions of that statute since 1993, which means that Reynolds' § 1983 claim based on that provision accrued at least at the same time his Eighth Amendment § 1983 claim did. *Compare* Ohio Rev. Code § 2949.22(A) ("[A] death sentence shall be executed by causing the application to the person, upon whom the sentence was imposed, of a lethal injection of a drug or combination of drugs of sufficient dosage to quickly and painlessly cause death.") *with* former Ohio Rev. Code § 2949.22(B)(1) ("[T]he person's death sentence shall be executed by causing the application to the person of a lethal injection of a drug or combination of drugs of sufficient dosage to quickly and painlessly cause death instead of by electrocution as described in division (A) of this section."). In other words, Reynolds is years late in asserting this challenge. The fact that a state court recently recognized the challenge does not excuse Reynolds' delay in bringing a § 1983 claim that existed well before those state court

4

proceedings.

The Court also notes that Reynolds asserts as a component of his § 1983 case that he has a right to the presence of counsel at his execution. There is little briefing on this issue, and at first blush this component of his case might appear to present a claim that survives the Cooey statute of limitations. What undercuts such survival, however, is the fact that the plaintiff in *Cooey* raised the same claim in the similar litigation before this Court from the outset of that litigation. *See* Case No. 2:04-cv-1156, Doc. # 2 ¶¶ 44-48 (misnumbered in original). Despite the presence of this component of Cooey's § 1983 action, and despite the fact that the majority did not analyze this component, the *Cooey* majority remanded the case back to this Court "with instructions to **DISMISS** Cooey's § 1983 complaint with prejudice as barred by the statute of limitations." 479 F.3d at 424. The appellate court did not remand with instructions to dismiss only the three-drug challenge component of the § 1983 case, or to dismiss only that component and the failure to train component, or to effectuate any similar dismissal of only a select claim. Instead, *Cooey* required this Court on remand to dismiss the § 1983 *complaint*–which means *every* component of the pleading, which included the right-to-have-counsel-present component–which means that the *Cooey* majority implicitly held that this latter component was also time barred. To reach a contrary conclusion would mean that the *Cooey* majority directed the dismissal of more than they thought they were dismissing, which would be a curious occurrence in any case, much less a case involving the taking of life. Thus, like with Richard Cooey, the statute of limitations on this component of Reynolds' § 1983 action has also expired.

Reynolds has raised no other arguments to save his claims that the Court did not previously consider and reject in its attached and incorporated Opinion and Order. Thus,

because Reynolds' assertion of his § 1983 claims is time-barred, the Court **GRANTS** Defendants' Motion to Dismiss.  (Doc. # 29.)

One additional matter is left for disposition.  Absent Reynolds, there is no case in which to intervene, which means that the motions by various inmates who seek to join Reynolds in this litigation are moot.  *See Tosco Corp. v. Hodel*, 804 F.2d 590, 592 (10th Cir. 1986) (holding that a moot case deprives a court of jurisdiction to consider motions for intervention in that case).[2]  The Court therefore **DENIES** these motions as moot.  (Docs. # 2, 5, 6, 9, 10, 13, 27, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 99.)  The Court expresses no opinion here on whether any individual who sought to intervene would be entitled to any form of tolling on any subsequently filed actions.

The Clerk is **INSTRUCTED** to terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

---

[2] This is not an instance in which a successful intervenor could have prevented the underlying case–*i.e.*, Reynolds' complaint–from being dismissed, so as to avoid the motion to intervene being regarded as moot.  *See, e.g., Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1027 (7th Cir. 2006).