IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RICHARD COOEY, et al.,** | |
|     **Plaintiffs,** | |
|     v. | **Case No. 2:04-cv-1156**<br>**JUDGE GREGORY L. FROST**<br>**Magistrate Judge Mark R. Abel** |
| **TED STRICKLAND, et al.,** | |
|     **Defendants.** | |
| | |
| **LAWRENCE REYNOLDS,** | |
|     **Plaintiff,** | |
|     v. | **Case No. 2:08-cv-442**<br>**JUDGE GREGORY L. FROST**<br>**Magistrate Judge Mark R. Abel** |
| **TED STRICKLAND, et al.,** | |
|     **Defendants.** | |
| | |
| **ROMELL BROOM,** | |
|     **Plaintiff,** | |
|     v. | **Case No. 2:09-cv-823**<br>**JUDGE GREGORY L. FROST**<br>**Magistrate Judge Mark R. Abel** |
| **TED STRICKLAND, et al.,** | |
|     **Defendants.** | |

## **ORDER**

The captioned cases are before this Court for consideration of the following related motions:

(1) a motion to continue the December 9, 2009 hearing related to Romell

Broom (Doc. # 612) filed in Case No. 2:04-cv-1156;

(2) a motion to continue the December 9, 2009 hearing related to Romell Broom (Doc. # 111) filed in Case No. 2:08-cv-442; and

(3) a motion to continue the December 9, 2009 hearing related to Romell Broom and to extend his temporary restraining order (Doc. # 30) filed in Case No. 2:09-cv-823.

Because the movants have failed to present the requisite good cause for the relief requested, the Court finds these motions not well taken.

In all three motions, the movants ask this Court to continue the hearings related to Romell Broom that are set to commence on December 9, 2009. To support his motion, Broom cites as grounds that a motion to dismiss is pending, that many of the witnesses that may be called are scheduled to participate in the execution of Kenneth Biros on December 8, 2009, that some of the counsel involved in his case are also involved in Biros' case, where it is anticipated there will be additional litigation. (Doc. # 30, at 2 in 2:09-cv-823.) In Reynolds' motion, Reynolds references that the Court and the parties had contemplated Reynolds' counsel following Brooms' counsel in developing facts at a hearing to take place immediately after the Broom hearing and explain that continuing the Broom hearing in the related cases would logically compel continuing the Reynolds hearing as well for the convenience of all involved. (Doc. # 111, at 2 in 2:08-cv-442.) Finally, the *Cooey* case plaintiffs offer as supporting grounds for their motion that they "incorporate by reference the reasons Mr. Broom presented in support of his motion to continue the hearing." (Doc. # 612, at 2 in 2:04-cv-1156.) Defendants do not oppose any of the motions.

The movants' argument that the busy schedule of some, but not all, of the counsel involved necessitates continuances of the hearings fails to support the requested extensions. Courts have justifiably viewed such blanket "press of business" statements of cause skeptically. In *Louisiana-Pacific Corp. v. United States*, 2 Cl. Ct. 743 (Cl. Ct. 1983), for example, the United States Claims Court explained:

> The "press of other business" is frequently asserted as a ground for extension requests . . . .
> . . .
> . . . The normal and foreseeable "press of business" and caseload of counsel is not a sufficient justification for the court to extend its otherwise appropriate-and generally applicable-schedules.
> Moreover, where either the scheduling of such routine business or the availability of counsel and resources is a matter within the control of the party or its counsel, there is no justification upon which to base an extension of the court's schedules.
> Rather, requests for such extensions of time should be limited to only those circumstances where the press of other business is either unforeseeable or is beyond counsel's or the party's control ( *e.g.,* circumstances where the "press of business" is clearly unforeseeable and is *not* the predictable result of counsel's or the party''s inadequate staffing or resources).

*Id.* at 748 (footnotes omitted). Other courts have similarly questioned the press of business reason in a variety of contexts. *See Allen v. Baldwin County Comm'n*, No. 06–0432-WS-B, 2007 WL 1875944, at *3 (S.D. Ala. June 28, 2007) ("The reason for the delay . . . is the generic one of the press of business, a reason universally available to both the diligent and the dilatory and squarely within the control of counsel."); *Airline Professionals Ass'n v. ABX Air, Inc.*, 109 F. Supp. 2d 831, 834 (S.D. Ohio 2000) (stating, as part of excusable neglect analysis, that "courts still demand . . . that an attorney show more than a busy practice or absence from the office to merit an extension of the time in which to file a notice of appeal"); *Hutchison v. Chater*, No. 95-4084-SAC, 1996 WL 699695, at *1 (D. Kan. Oct. 31, 1996)

(characterizing "press of business" as a "conclusory reason" for non-compliance with a filing deadline); *Paulie v. Coop. Union Mercantile Co. of Grinnell, Kan.*, No. 95-1342-MLB, 1996 WL 162289, at *3 (D. Kan. Feb. 28, 1996) (stating that "no further extensions will be permitted for plaintiff's counsel in this case or in any other pending case before this court absent the most compelling circumstances.  The press of business will no longer be grounds for seeking additional time."); *In re Murphy*, 1 B.R. 736, 738 (Bkrtcy. Cal. 1979) (stating in the context of a request for an enlargement of time in which to file a complaint that "[i]t is well settled . . . that the 'press of business' will not support a finding of excusable neglect."). This is not to say that the press of business can never be sufficient cause for obtaining an extension of time.  *See Stone v. Jo-Ann Stores, Inc.*, 193 F.R.D. 514, 516 (N.D. Ohio 2000) ("the Court recognizes that the press of business sometimes necessitates an enlargement of time").  Rather, the point of the foregoing is to demonstrate that obtaining an extension for any reason–and certainly for the "press of business" reason–is not simply a matter of asking for it or using magic words.  Instead, counsel should explain the circumstances behind the reason and demonstrate how the reason satisfies the applicable cause standard governing the extension request.  To do otherwise is to ask this Court to ignore the cause requirement and function as a rubber stamp in litigation that has too often been delayed time and again, most often by the parties' requests.

     Here, the schedule issues and press of business are neither unforeseeable nor beyond counsel's or the parties' control.  Broom filed his Complaint and his motion for injunctive relief on September 18, 2009.  (Docs. # 3, 4 in 2:09-cv-823.)  On that same day, in open court and at the request of the parties involved in Broom's case, the Court accepted an

4

Agreed Order signed by the counsel involved agreeing to a temporary restraining order and scheduling the hearing for September 28, 2009.  (Doc. # 7 in 2:09-cv-823.)  Thereafter, on September 22, 2009, Broom asked the Court both to extend the temporary restraining order for an additional 60 days and to reschedule the hearing; Defendants expressly did not object to that extension, and the Court accepted the parties' agreement.  (Doc. # 12 in 2:09-cv-823.)  On that same day, this Court then rescheduled the hearing for November 30, 2009.  (Doc. # 13 in 2:09-cv-823.)  Thereafter, on October 20, 2009, Broom's case came on for a telephone status conference along with the related captioned cases.  During this conference, the Court had to once again address the issue of continuing the hearing date; the parties and the Court had previously discussed a continuance a number of times.  The Court proposed that, if a continuance were necessary as the parties indicated, the hearing be rescheduled for December 7, 2009.  Counsel for Broom originally agreed to this date.  Citing the possible execution of Kenneth Biros on December 8, 2009, counsel for Defendants requested that the hearing be set for December 9, 2009.  In light of issues that needed to be addressed prior to the hearing, the Court continued the hearing until December 9, 2009.  Because the parties involved would not agree on extending the temporary restraining order, the Court extended the injunctive order *sua sponte*.  (Doc. # 17 in 2:09-cv-823.)  Counsel for all of the movants have been involved in discussion related to these events as appropriate, and many of these counsel in fact suggested the dates they now seek to alter once again.

      Thus, the schedule and press of business that counsel cite as grounds for obtaining yet another continuance are a result of their own making.  Presuming the competence of all counsel involved, the Court must conclude that the schedule the parties seek to change is one

that they agreed to and in fact suggested to this Court while the parties were fully aware of the potential events surrounding Biros and the effect that could have on the schedules of the attorneys and witnesses involved. Citing this schedule now as sufficient cause to alter a case schedule for a hearing that has been continued time and again and to extend a temporary restraining order that has been extended time and again is both self-serving and of dubious logic.

     Equally unpersuasive is that a motion to dismiss is pending in Broom's case. Even if the Court were to grant that motion, a hypothetical that the Court recognizes here solely for purposes of discussion, such a decision would dispose only of Case No. 2:09-cv-823. The issue of Reynolds' statute of limitations remand would still require disposition, and the pending motion for a stay for Broom in Case No. 2:04-cv-1156 would remain pending. (Doc. # 556 in 2:04-cv-1156.) Moreover, this Court can certainly proceed with the Broom hearings without having yet decided the motion to dismiss.

     This leaves for discussion the final ground for the requested continuances and the requested extension of Broom's temporary restraining order, that many of the witnesses that may be called at the hearing are scheduled to participate in the execution of Biros. This is an obvious fact that the Court and all counsel involved knew when the December 9, 2009 hearing date was discussed, agreed upon, and then scheduled. Any incidental burden on the witnesses cannot be regarded as unforeseeable. Additionally, any such burden that results from the parties' agreed-upon schedule is minimal, and there has been no argument presented to this Court–and likely could not be presented–that the timing of the Biros execution will render any witness unavailable. Given Ohio's once-a-month execution schedule set for the

first six months of 2010, there will almost always be an execution near a date for a rescheduled hearing.

In light of the foregoing, the movants have wholly failed to present sufficient cause for obtaining the requested extensions.  Accordingly, the Court **DENIES** the motions.  (Doc. # 612 in 2:04-cv-1156; Doc. # 111 in 2:08-cv-442; Doc. # 30 in Case No. 2:09-cv-823.)

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE